**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

**W.B.,** a minor,
by and through his parents and next friends,
**Zach and Audrey Baker**
*

**Zach Baker**, individually
*

**Audrey Baker**, Individually

Plaintiffs,

v.

**Crossroads Academy-Central Street**
*
**Karis Parker,** in her individual capacity
*
**Eva Copeland**, in her individual capacity
*
**Randall W. Williams**, in his official capacity, as **Director for the Missouri Department of Health & Senior Services**
*
**ERIC SCHMITT,** in his official capacity as **Missouri Attorney General**

Defendants

**PLAINTIFFS' JOINT COMPLAINT**

**<u>INTRODUCTION</u>**

The Missouri Department of Health & Senior Services (DHSS) is issuing speech and religious licenses to parents who desire to make a religious objection statement for a child. *See* attached Letter and "Imm.P.11A." (Form 11). DHSS will not issue this speech/religious license until parents listen to DHSS' message ("educational material) before issuing the license it calls a "Religious Exemption Card." But in that Form and other messages of DHSS, DHSS refuses to provide the mandatory information about the health risks of vaccines pursuant to 192.072 RSMo which requires all "educational material" to

1

include information regarding possible risks and benefits and requirements regarding informed consent associated with childhood vaccines pursuant to the National Childhood Vaccine Injury Act, PL 99-660. DHSS has no authority to license speech or religious expression through its hostile-to-religion regulations using this government Form 11 with its state message. Parents are not required to convey a state message or to be "educated" by the state in order to speak or to exercise a religious expression in a religious exemption. Parents are not required to "pull a permit" to make a statement regarding their religious objections to vaccinations.

Under the Missouri statutory and regulatory framework, vaccine injections are involuntary medical treatments without justification. Parental consent to vaccinations is obliterated and made illusory because parents go to jail if they do not consent. There is nothing voluntary in any parent's consent to vaccinate a school aged child in the state of Missouri. This matter involves the Missouri legislature's statutory scheme including statute 167.181 and 19 CSR 20-28.010 requirements that W.B. and certain other children be vaccinated, under penalty of law, and as a condition to the benefit of a public or private school education. The suit also involves charter school Crossroads Academy-Central Street's expulsion of five year old W.B. from his kindergarten class unvaccinated even though the parents have made two written religious objections to vaccinations pursuant to §167.181.3 RSMo. Crossroads began the school year August 5, 2019, to which W.B. had been enrolled, admitted, and attended for approximately a month. The Crossroads school nurse then informed the Bakers W.B.'s attendance would have to cease because he was unvaccinated with no exemption – essentially an expulsion from school. Pursuant to 167.181.3, the Bakers provided the school administrator with a written religious

2

objection to vaccines regarding W.B. which was rejected by the school nurse. The nurse stated that the religious objection had to be communicated on a Form 11 from DHSS. When asked for the Form, the nurse would not make it available and directed Audrey Baker (Audrey) to obtain it from a DHSS location in the Kansas City area. Because Audrey did not want W.B. to be expelled, she wrote another written objection on a Form 11 she found online and provided it to the school nurse Copeland and Karis Parker, principal of Crossroads. That second written religious objection was rejected. Audrey was told that the written religious objection had to be communicated on a current Form 11. With W.B.'s kindergarten resuming September 3, 2019, the Bakers bring this suit together with motions for injunctive relief so that W.B. can continue to attend his kindergarten and do so unvaccinated.

As demonstrated in this Complaint, together with the two motions and memorandums for injunctive relief, which are incorporated herein as fully set forth, the Missouri statutory school enrollment scheme completely ignores the rights of children to have bodily integrity and autonomy. With some exception, Missouri requires all children to attend school and parents to ensure this is done under penalty of law. Coupled with that requirement are mandatory injections of vaccines into each student and that subject to only two exemptions: medical and religious. Vaccinations not only require consent they require informed consent from a parent. But the statutory scheme then criminalizes parents who do not consent to vaccinations for the child. Thus the forced take-one-for-the-team statutory scheme eviscerates any kind of parental voluntary consent, much less informed consent, as well as running roughshod over the fundamental right of every Missouri citizen to her and his privacy, a right not to have foreign substances repeatedly

injected into one's body over a period of many years with documented risks (evidenced for example by the Federal National Childhood Vaccine Injury Act) to his well-being and health, and not for any medical emergency or even medical necessity – just a take-one-for-the-team concept of "herd immunity."

### All Bodies and All Needles are Created Equal

**1.** When a needle is born it is created to invade a body. Section 167.181 requires a child to make needles and vaccines his friend and to forego his own bodily integrity and autonomy for the sake of state of Missouri and particularly in exchange to receive the state's benefit of an education. Under Missouri law, if a parent will not consent to vaccinations she will be fined and go to jail. Parental "consent" becomes non-existent as forced consent is not voluntary. But voluntary consent to medical treatment or bodily invasion are fundamental rights – both of which are blown to smithereens under the Missouri school enrollment statutory framework. Consent for a child is a fundamental right of a parent. Bodily integrity and autonomy is a fundamental right of W.B. and the state of Missouri has no compelling state interest in forcing an individual to be injected with a vaccine. There is no compelling interest for the state of Missouri to force parents to consent to repeated vaccine injections and this over a period of years. There are risks to the health and well-being of an individual regarding each vaccine injection.

**2.** If the right to voluntary consent and to voluntarily choose (*e.g.* abortion) is premised on self-ownership, bodily integrity and autonomy of a pregnant woman, why are children's bodies less holy? Why can't parents similarly not consent and make a different choice to preserve a child's autonomy? Every needle is created to invade a body and the

Case 4:19-cv-00682-HFS   Document 1   Filed 08/29/19   Page 4 of 35

question of the violation of bodily integrity does not turn on *why* the body is being violated. Whether a blood draw, blood test, or injection of vaccine, all require voluntary consent because every needle is foreign to the body one owns: it goes beneath the skin into a vein or muscle. A needle that extracts takes something from one's body. The needle that injects puts a foreign substance into owned body. A person does owns his or her own body. It is the first property right in American law.

**3.** There is no vaccine choice in Missouri for school age children and no consent choice for those parents. There is no compelling state interest to specifically inject W.B. with needles full of varying vaccines. There is no medical emergency and no medical need to inject W.B. with any vaccine. W.B. is harming no one in being unvaccinated. Concerning vaccine injections, each individual in the "herd" is required to take on a direct burden, one which may have significant implications for one's individual health, to benefit a select few. This idea of involuntarily taking-one-for-the-team regarding a theorized future outbreak of disease is utilitarianism: an action is right if it leads to the most happiness for the greatest number of people. It is the philosophy of consequentialism. It is the sacrifice of individual interests that advances overall social utility. Vaccinations are entirely prophylactic. This notion of "preventing" is akin to the movie *Minority Report* where actor Tom Cruise is part of a specialized police department, that apprehends individuals based on foreknowledge of future crime (pre-crimes) provided by three psychics called "precogs." It was a societal intervention based upon future (but flawed) prognostications. Utilitarianism is the <u>antithesis</u> of the Lockean natural rights doctrine. Locke was on the opposite spectrum being a deontologist. Locke did not say "*we* own your body" but instead each man had a private and exclusive property in his own person. That his labor

was *his own*, and external objects with which he mixed his labor therefore become his private property. Property includes self-ownership as prioritized as against the larger good.

**4.** If the State can require vaccine injections into W.B. (or use it to coerce the repeated injections) to benefit someone else, then what about a law that requires the following of every child in exchange for the benefit of a public education:

- Require students to give blood or plasma say once a year or when requested during a blood type shortage.
- Require the giving of a student's DNA for the benefit of collective research.
- Require student blood marrow donations when matched to a needy individual.
- Require insertion of a chip so as to identify and locate each child.

### DHSS is Openly Hostile to Religion

**5.** The Bakers made two written religious objections to the school administrator as provided by the Missouri legislature but DHSS will not recognize the Bakers' religion or religious communications. Religious objectors are not required to bow the knee to DHSS. The Bakers have rendered all that is due to Caesar. DHSS wants more. DHSS demands that the Bakers use DHSS property to convey a DHSS message on its Form 11 which the Bakers disagree with and do not want to convey.

**6.** But where did DHSS obtain this power? Statute 167.181.2 makes it "unlawful for any student to attend school unless he has been immunized…." Section 3 provides for a medical and religious exemption: "This section shall not apply to any child if one parent or guardian objects in writing to his school administrator against the immunization of the child, because of religious beliefs or medical contraindications. In cases where any such

6

objection is for reasons of medical contraindications, a statement from a duly licensed physician must also be provided to the school administrator." Under 167.181.1, the "department of health and senior services shall supervise and secure the enforcement of the required immunization program."

**7.** Similarly, 210.003 provides for a religious exemption for daycare children ("parent or guardian exemption, by which a child shall be exempted from the requirements of this section if one parent or guardian files a written objection to immunization with the day care administrator"). Likewise, Missouri statute 174.335 provides for a religious exemption for students in public institutions of higher education ("student shall be exempted from the immunization requirement of this section if he or she objects in writing to the institution's administration that immunization violates his or her religious beliefs").

**8.** But DHSS has an adverse hostile agenda. It erects more obstacles to the exercise of speech and religion as well as protecting W.B.'s bodily integrity. The form that DHSS insists be used is Form P.11A. But Section 167.181.3 does not require the written religious objection be made on a DHSS form or any form for that matter. Moreover, Form P.11A requires that a parent read "educating" and inculcating statements about immunizations in an attempt to dissuade a parent from exercising his or her religious beliefs regarding vaccinations. And the Form requires that a parent check boxes to exempt out of each disease. Section 167.181.3 does not require a parent to read DHSS's beliefs about vaccinations and does not require a parent to object to or identify any particular vaccination.

7

**9.** So Zach and Audrey Baker, parents of W.B., provided two written statements to Crossroads' administrator regarding W.B. that they objected to vaccinations on religious grounds. W.B. is attending his kindergarten at Crossroads. The principal and school nurse at Crossroads told Audrey that Crossroads would not recognize the written statements and that unless the objection was made on a current form from the Missouri department of health and senior services (DHSS), that W.B. would not be allowed the first day of school, September 3, 2019, and thereafter. Audrey requested the current form but the school nurse refused to provide it to their. Now W.B. is expelled without due process and in violation of Missouri statutes governing expulsions.

**10.** DHSS and Crossroads won't step aside after the two religious objections were made. *See **Mich. Catholic Conference v. Sebelius,** 989 F.Supp.2d 577, No. 13-1247, 2013 WL 6838707 (W.D.Mich. Dec. 27, 2013)* ("the only thing that the exemption and accommodation framework requires of [applicant] is conduct in which [it] already engage[s]" and eligible organizations need only "attest to [their] religious beliefs and step aside"). DHSS and Crossroads refuse to recognize the Baker's religious speech because it is not on a state form which is not required. *See **Wheaton College v. Burwell**, __ U.S. __, 134 S.Ct. 2806 (2014)* (college not required to follow the notice procedures for accommodation, did not have to submit form prescribed by government and could simply notify the government of its religious objection). This was because it made the Government aware of their view that they "the requirements for exemption from the contraceptive coverage requirement on religious grounds." ***Zubik v. Burwell**, __ U.S. __, 136 S.Ct. 1557, 1561 (2016)*.

**11.** DHSS and Crossroads are aware of the Bakers' two written religious objections but elevate form over substance as a means to force the Bakers to convey a state message and to act out their hostility. DHSS's form and its corresponding policy and practices are hostile to the Bakers' religion and religious exercise by burdening their religious practices by imposing additional requirements to 167.181.3. This hostility is not only demonstrated by Form P.11A's specific language in an attempt to dissuade a parent from exercising their religion but also in the manner DHSS puts parents through additional hurdles to even obtain Form P.11A. Form P.11A is only made available online in a purposely non-usable format. The question is why? DHSS provides numerous online forms to use. Yet for a religious exemption it watermarks the Form with "SAMPLE" making it unsuitable according to DHSS and Crossroads:

**MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES**
**RELIGIOUS IMMUNIZATION EXEMPTION**

Required under the Missouri State immunization law (Section 167.181, RSMo) of children attending public, private, and parochial or parish schools.

We strongly encourage you to immunize your child, but ultimately the decision is yours. Please discuss any concerns you have with a trusted healthcare provider or call the immunization coordinator at your local or state health department. Your final decision affects not only the health of your child, but also the rest of your family, the health of your child's friends and their families, classmates, neighbors, and community.

Unimmunized children have a greater risk of contracting and spreading vaccine-preventable diseases to babies who are too young to be fully immunized and those who cannot be immunized due to medical conditions. In the event of an outbreak of a vaccine-preventable disease within a particular facility, children who are not fully immunized or do not have documented laboratory evidence of immunity shall not be allowed to attend school or day care until the local health authority declares the designated outbreak or health emergency has ended.

| THIS IS TO CERTIFY THAT | NAME OF CHILD (PRINT OR TYPE) |
|---|---|

SHOULD BE EXEMPTED FROM RECEIVING THE FOLLOWING CHECKED IMMUNIZATION(S) BECAUSE IMMUNIZATIONS VIOLATE MY RELIGIOUS BELIEFS:

☐ DIPHTHERIA   ☐ HEPATITIS B   ☐ MMR   ☐ PERTUSSIS   ☐ POLIO

☐ TETANUS   ☐ VARICELLA   ☐ OTHER _____

| PARENT/GUARDIAN NAME (PRINT OR TYPE) | PARENT/GUARDIAN SIGNATURE | DATE |
|---|---|---|

MO 580-1725 (4-12)                                                                 Imm.P.11A

**12.** Why does DHSS have anything to say about religion? What does all of that have to do with a parent making a religious objection? DHSS has created a kind of inverted informed consent not to vaccinate as a subterfuge for all objecting parents to convey the DHSS

9

government message. DHSS is clearly mandating that the Bakers convey DHSS' message for every religious objection must carry DHSS' propaganda. The Bakers are entitled to make a religious objection without conveying DHSS's message pursuant to 167.181.3. Clearly the form is an attempt to dissuade the parent from carrying through with her religious convictions. DHSS does not even attempt to acknowledge that a religious objection has valid significance in its "educational" public message. This form demeans religious beliefs and relegates them to a lesser status. Rather, the language is meant to convert parents from acting on their religious objection and prioritizes DHSS's beliefs about vaccinations as more important than any religious objection.

**13.** DHSS has expanded and modified the religious exemption language of Section 167.181.3 to make the objection more burdensome through the Form and DHSS practices. There is no requirement in 167.181 (or other similar statutory religious exemption statute) for parents to use any form, or to check boxes for a particular disease, or to read DHSS' attempt to dissuade the parent from their religious convictions or to otherwise "educate" or inculcate them with DHSS's beliefs about immunizations. The Form language is hostile-to-religion-state-propaganda which also does not complying with proper notice of the risks as required by Missouri statute 192.072. *See **PharmFlex, Inc. v. Div. of Employment Sec.**, 964 S.W.2d 825, 829 (Mo.App. W.D.1997)* ("The rules or regulations of a state agency are invalid if ... they attempt to expand or modify statutes. Further, regulations may not conflict with the statutes and if a regulation does, it must fail").

**14.** Specifically, the Form does not comply Missouri statute 192.072 in that this purported "educational material" contained in the Form does not conform to "the

10

National Childhood Vaccine Injury Act, PL 99-660, and shall include information regarding possible risks and benefits and requirements regarding informed consent associated with childhood vaccines, which shall be provided to parents or legal guardians of the child." The Form does not provide the parent the risks of vaccinations so as to make an informed consent. Thus it is DHSS attempt to mislead or otherwise gaslight a parent's religious beliefs.

**15.** DHSS formerly made its religious exemption form available to use online prior to January of 2016 in 19 CSR 20-28.010. But beginning in 2016, DHSS stopped publishing the form in the CSR and then separately published the form with the watermark "SAMPLE" so it could not be used.[1]

**16.** But DHSS is in the religion business. In a DHSS publication "What Parents Need to Know" DHSS defines the religious exemption as: "[c]laiming a religious exemption represents a parent or guardian's belief that the family's religious preference does not support immunizing against vaccine-preventable diseases." It is not the government's job to gaslight religious beliefs. They should be silent – neutral. So DHSS defines each person's belief as a "preference" rather than as an obligation or duty demonstrates DHSS demeaning of religion. Further, DHSS then goes on to define the religious objection to "immunizing against vaccine-preventable diseases" as a 100% truism and without providing the risks as required by Missouri statute 192.072. That statute requires all "educational material" to include information regarding possible risks and benefits and requirements regarding informed consent associated with childhood vaccines pursuant to

---

[1] See https://web.archive.org/web/*/https://health.mo.gov/living/wellness/immunizations/schoolrequirements.php

the National Childhood Vaccine Injury Act, PL 99-660. This Form is educational material which does not inform the parent of the risks of vaccinations.

**17.** As a part of this hostility DHSS has a policy such that schools and school nurses are not to provide Form P.11A to parents but instead to tell parents that they must obtain it some other way or otherwise physically travel to a DHSS facility.

**18.** In one instance a parent, having been denied the form by a school, was instructed by a school nurse to travel to a DHSS facility where she was told she must return to take a three hour class on vaccinations before being given the Form. On another instance a parent actually had to sit through the presentation in order to obtain the religious exemption permit.

### PARTIES

**19.** Zach and Audrey Baker are residents and citizens of Jackson County, Missouri.

**20.** W.B. is a five year old minor and resides with his parents Zach and Audrey.

**21.** Crossroads Academy-Central Street is an independent public school pursuant to Missouri statute 160.400.1. It is sponsored by the University of Central Missouri-Warrensburg.

**22.** Karis Parker is employed by Crossroads as the principal of Crossroads Academy.

**23.** Eva Copeland is employed as a school nurse at Crossroads.

**24.** Eric Schmitt, in his official capacity as Missouri Attorney General, pursuant to Mo. Rev. Stat. § 27.010, has responsibilities to appear on behalf of the State of Missouri regarding state interests, particularly whether a statute is constitutional.

## JURISDICTION AND VENUE

**25.** Plaintiffs bring this action pursuant to, inter alia, the Article VI, Clause 2 of the United States Constitution (the Supremacy Clause) This civil rights action raises federal questions under the United States Constitution, particularly the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. § 1983.

**26.** Jurisdiction is predicated on 28 U.S.C. § 1331 because this matter involves federal questions.

**27.** This Court has authority to award the requested declaratory relief under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57; the requested injunctive relief under 28 U.S.C. § 1343 and Federal Rule of Civil Procedure 65; and costs and attorneys' fees under 42 U.S.C. § 1988. If successful, the Plaintiffs are entitled to expenses, costs, and attorneys' fees under 20 U.S.C. § 1400, *et seq.*

**28.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims herein occurred within the District and all Defendants reside in the Western District of Missouri.

**29.** At all times relevant to this Complaint the defendants were acting under color of state law.

## FACTS RELEVANT TO ALL CLAIMS

**30.** Plaintiffs  re-allege each fact above as fully set forth.

13

**31.** Missouri statute 167.181 requires W.B. to be vaccinated in order to obtain the benefit of a free education with no compelling state interest to do so. The plaintiffs should not be required to forego one constitutional right to obtain another constitutional right.

**32.** W.B. has a First and Fourth Amendment fundamental right to privacy, individual bodily integrity and autonomy. W.B. and his parents have a fundamental right to make medical decisions, including vaccinations, without penalty or the loss of benefits. The state of Missouri recognizes these fundamental rights because before W.B. can be vaccinated informed consent must be provided. W.B. should not be required to be injected once or several times because the state of Missouri has no compelling state interest to violate W.B.'s self-ownership and bodily autonomy.

**33.** Plaintiff W.B. is subject to and must comply with Missouri law, the conduct and policies of the defendants in order to attend school without vaccinations.

**34.** At all times relevant to this Complaint, each and all of the acts alleged herein were attributed to Defendants, which acted under color of a statute, regulation, custom, or usage of the State of Missouri.

**35.** The impact of W.B.'s right not to be vaccinated while attending school along with burdening the Bakers' religious exercise constitutes imminent and irreparable harm to the plaintiffs in the manner in which the defendants apply their policies and statutory interpretation through policy and practice. The Missouri statute (§ 1.302.1, RSMo Supp. 2013) (RFRA) provides:

> 1. A governmental authority may not restrict a person's free exercise of religion, unless:
> (1) The restriction is in the form of a rule of general applicability, and does not

14

discriminate against religion, or among religions; and

(2) The governmental authority demonstrates that application of the restriction to the person is essential to further a compelling governmental interest, and is not unduly restrictive considering the relevant circumstances.

2. As used in this section, "exercise of religion" shall be defined as an act or refusal to act that is substantially motivated by religious belief, whether or not the religious exercise is compulsory or central to a larger system of religious belief.

3. As used in this section "demonstrates" means meets the burden of going forward with the evidence and of persuasion.

**36.** Plaintiffs have no adequate or speedy remedy at law to correct or redress the deprivation of its rights under the Missouri or United States Constitution.

**37.** Unless the conduct of the Defendants is declared unconstitutional and enjoined, the plaintiffs suffer irreparable injury.

**CAUSES OF ACTION**
**(Bakers and W.B. v DHSS)**
**\*\*\***
**Count 1**
**Burden to Religion, Deprivation of Property, Challenge to Denial of Religious Identity, Personal Dignity, Personal Autonomy, and Personal Liberty**

**38.** Plaintiffs re-allege each allegation above as fully set forth.

**39.** The state of Missouri has burdened W.B.'s right to be secure in his person in violation of the Fourth Amendment. The state of Missouri has eviscerated the plaintiffs' fundamental right to parent W.B. and to otherwise to make medical decisions for W.B., including informed consent and the right withhold consent to a medical intrusion regarding vaccine injections into W.B. The state of Missouri has criminalized a parent's right to make medical decisions over a parent's child when a parent does not consent to vaccination of her school-aged child.

15

**40.** DHSS and Crossroads have restricted and burdened the plaintiffs' speech and free exercise of religion through their regulations, customs, and policies.

**41.** The Missouri school framework, including statutory language of 167.181, together with the language as applied by the defendants to the plaintiffs, constitutes the taking of property and a denial of liberty without due process in violation of the 14th Amendment.

**42.** Individuals, like W.B., are born with inherent rights over their bodies, and informed consent simply recognizes those rights. Federal law recognizes this:

> No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. ***Union Pacific R. Co. v. Botsford*, 141 U. S. 250, 251 (1891)**. This notion of bodily integrity has been embodied in the requirement that informed consent is generally required for medical treatment. Justice Cardozo, while on the Court of Appeals of New York, aptly described this doctrine: "Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent commits an assault, for which he is liable in damages."

*Cruzan v. Director, Missouri Department of Health*, **497 U.S. 261, 269 (1990)**.

**43.** The mandated vaccines are all prophylactic. They are not urgent or medically necessary. And they can create permanent harm. *See* National Childhood Vaccine Injury Act; *See also* ***Diana H. v. Rubin*, 171 P. 3d 200 (AZ 2007)** (vaccinations "a non-urgent, irreversible procedure"). The fact that Missouri requires informed consent for vaccinations indicates that it is a fundamental right. "Consent is required to maintain the right of personal inviolability." ***In re Estate of Longeway*, 133 Ill. 2d 33 (1989)**. The doctrine of informed consent has its roots in the *Lockean* idea that each person owns his or her own body. Autonomy is a Western (and distinctly American) value.

**44.** The Supreme Court's majority opinion in ***Obergefell v. Hodges*, 135 S. Ct. 2584 (2015)**, and other Supreme Court precedent, dictates that the Fourteenth Amendment protects the liberty of individuals to make choices central to their own dignity and autonomy, including choices that define their personal identity and beliefs.

**45.** The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." "Surgical intrusions beneath the skin depend[] on a case-by-case approach, in which the individual's interests in privacy and security are weighed against society's interests in conducting the procedure." ***Winston v. Lee*, 470 U.S. 753, 760 (1985).** The U.S. Supreme court has ruled that the government may not invade a person's body to take blood without a warrant. "We have never retreated … from our recognition that ***any*** compelled intrusion into the human body implicates significant, constitutionally protected … interests." ***Missouri v. McNeely*, 569 U.S. 141, 159 (2013)** (*emphasis added*). "Individuals possess a constitutional right to be free from forcible intrusions on their bodies against their will, absent a compelling state interest." ***Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 506 (6th Cir. 2012).**

**46.** The Fourth Amendment's protections also apply "in the civil context." ***United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 51 (1993)**. Under the Fourth Amendment, a seizure "occurs when there is some meaningful interference with an individual's possessory interests in that property." ***Soldal v. Cook Cty.*, 506 U.S. 56, 61 (1992)**  One

owns their body. It is the first possessory interest each individual has. The Missouri statutes and DHSS regulations violate the Fourth Amendment.

**47.** Just like the right to maintain control over one's home, and to be free from governmental interference is a private interest of historic and continuing importance, even more so is maintaining control over one's own body. The plaintiffs have a private interest in exercising parental oversight and consent and in the bodily autonomy of W.B. which require due process – which is absent in the Missouri statutory and regulatory scheme. *See Mathews v. Eldridge*, **424 U.S. 319, 334-35 (1976)**.

**48.** The actions of the defendants deny the plaintiff Bakers their right to exercise consent (much less informed consent) rights and religion in parenting W.B. and deny W.B. his liberty right under the Fourth and Fourteenth Amendment for bodily autonomy and to have his parent make a medical decision not to vaccinate on religious grounds without retaliation and punishment. The statutory scheme requires a forced medical treatment upon W.B. and a statement of involuntary consent from the parent. It is forced because a parent goes to jail if the vaccine injections are not "consented" to. It is forced because W.B. is denied the benefit of an education. The state of Missouri does not have a sufficient government interest important enough to justify compromising W.B.'s individual's interest in his privacy and physical security. *See Bell v. Wolfish*, **441 U.S. 520, 559 (1979)** (test of reasonableness under the Fourth Amendment).

**49.** The Fourteenth Amendment, under longstanding case law, also guarantees the right to pursue a life as a child and enjoy the special time in that period of one's life. According to Supreme Court precedent, such as *Obergefell*, while a state can have its own views of

18

the ideal ordering of society, when it imposes those beliefs through law with the necessary consequence of putting the imprimatur of the State on excluding people not holding those beliefs from the pursuit of basic liberties, they demean and stigmatize those individuals in a manner forbidden by the Fourteenth Amendment.

**50.** Under the Supreme Court's precedent, to deny certain people such as W.B. the right to an education because he and his parents, consistent with their own concepts of existence and identity, do not consent to violating his bodily integrity and autonomy in the absence of any compelling interest by the state of Missouri is to deny them liberty, disparage their intimate personal choices and identity, and devalue W.B.'s personhood.

**51.** The statute, together with the regulations and policies of the defendants, do not serve any legitimate, rational, substantial, or compelling interest by forcing each of the plaintiffs to violate their respective First Amendment rights. They do not serve any legitimate interest in a narrowly tailored way.

**52.** The defendants have alternative, less restrictive means to achieve any legitimate interests rather than forcing the plaintiffs to consent to having W.B.'s bodily integrity repeatedly invaded with risks to his well-being.

**53.** The regulations, policies, as well as the cited statute, are not facially or operationally neutral or generally applicable and impose special disabilities on the plaintiffs regarding W.B. retaining his bodily integrity and his parents' exercise of speech and religious beliefs.

**54.** Facially, and as applied by the defendants, the aforementioned statute and policies are not neutral or generally applicable. The form of DHSS is hostile to the religious

objection. Moreover, the statutory scheme contemplates a system of individualized exemptions under which they assess the reasons for an exemption and grant exemptions.

**WHEREFORE** the plaintiffs respectfully ask that the Court grant the relief specified in the Prayer for Relief.

**Count 2**
**<u>Violation of Plaintiffs' Fourteenth Amendment Right to Equal Protection</u>**
**(Plaintiffs v State of Missouri & DHSS)**

**55.** Plaintiffs re-allege each of the allegations above contained in this Complaint.

**56.** The state of Missouri treats parents of children differently regarding making medical decisions over a child. It treats parents of children differently regarding vaccinations and consent to vaccinations. Parents of children between the ages of 7 and 17 must provide consent to vaccine injections and are subject to criminal fines and imprisonment upon not doing so. Parents of children below the age of 7 are not so required. And for parents of children between the ages of five and seven, if they are enrolled these parents must provide consent and are subject to criminal fines and imprisonment upon not doing so. Parents of children between the ages of five and seven who are not enrolled in school are not required to be vaccinated and parents are not required to provide consent.

**57.** W.B. has already attended Crossroads unvaccinated this year under a Jumpstart program. If there was a compelling state interest in preventing unvaccinated children from intermingling with other children, there would be mandatory vaccinations for all children and adults, irrespective of school attendance. W.B. would not have been allowed to attend Jumpstart if this were so.

**58.** The Bakers have provided two written religious objections to the Crossroads administrator, one of which was on a non-current DHSS form. The defendants refuse to

20

recognize the Bakers' religious objections but acknowledge other religious objections made by other similarly situated parents when made on a DHSS form.

**59.** Neither Crossroads nor the state of Missouri may treat Bakers and W.B. disparately as compared to similarly situated persons when such disparate treatment burdens a fundamental right.

**60.** Plaintiff W.B. is similarly situated to other minors seeking to enroll in public school. W.B. is similarly situated to other minors whose parents have made religious objections to vaccinations.

**61.** Plaintiff Bakers are similarly situated to other parents of minors who are seeking to enroll in public schools. The Bakers are similarly situated to other parents who have made religious objections to vaccinations. The Bakers are similarly situated to parents who make medical decisions over a child.

**62.** There is no reason for the defendants to treat the Bakers' two religious objections to vaccinations differently than those made on a particular DHSS form. The fact that DHSS does treat the objections differently is evidence that DHSS has modified and added to the straightforward religious objection opt-out language of Section 167.181.3.

**63.** Defendants' disparate treatment of Bakers or W.B. is not narrowly tailored to further any legitimate government interest the state defendants may allege.

**64.** The actions of the defendants, coupled with the statutory language and its application, therefore violates W.B.s right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

**WHEREFORE** the plaintiffs respectfully ask that the Court grant the relief specified in the Prayer for Relief.

## Count 3
## Declaratory Judgment
### (Plaintiffs v State of Missouri & DHSS)

**65.** Plaintiffs re-allege each allegation above as fully set forth.

**66.** Crossroads has no authority to require Bakers, as the parent of W.B., to provide the kind of religious exemption required by Crossroads or DHSS.

**67.** The central rationale for a vaccination injection is to maintain a portion of the population immune to a particular contagious disease such that it cannot develop into an epidemic (herd immunity). The statutory scheme regarding vaccinations demonstrates no compelling interest as it excludes large portions of the general population. There is no compelling interest to repeatedly inject W.B. over years when the vast majority of the Missouri population is excluded and exemptions for the targeted class of students exist. It would not be applicable to adults and as to students it provides "individualized exemptions" (medical and religious) and is therefore not a "generally applicable" law.

**68.** This Court should enter a Declaratory Judgment that the Missouri immunization statute 167.181 violates the Missouri Constitution and the U.S. Constitution, because there is no compelling state interest to vaccinate, that as applied to W.B. there is no compelling state interest to vaccinate W.B., that the DHSS policy of requiring a religious objection be made on Form P11A impermissibly modifies and adds to Section 167.181.3, that the Form and the aforementioned policies of DHSS are hostile towards religion and the religious beliefs of the Bakers, that W.B. should be permitted to attend school unvaccinated and

Case 4:19-cv-00682-HFS   Document 1   Filed 08/29/19   Page 22 of 35

without providing a religious exemption statement at all as there is no compelling state interest to vaccinate any student or to specifically vaccinate W.B. with each injection.

**WHEREFORE** the plaintiffs respectfully ask that the Court grant the relief specified in the Prayer for Relief.

**Count 4**
**<u>Immediate Injunctive Relief</u>**
**(Bakers and W.B. v State of Missouri & DHSS)**

**69.** Plaintiffs re-allege each allegation above as fully set forth. In support of their claim for temporary order, preliminary and permanent injunctive relief, the plaintiffs allege as follows:

**70.** Missouri statute 167.181, and as applied by the defendants, will cause irreparable harm to W.B. by requiring the plaintiffs to forego their constitutional rights in order to receive another constitutional right in receiving a public education. The statute, and as applied to the plaintiffs by the conduct and policies of the defendants, deny the Bakers their parental rights to make medical decisions and to exercise parental preferences for W.B., as well as the Bakers' respective rights to freely exercise a religion, or not, without undue burden by the State. The actions of the state defendants deny W.B. to his individuality, integrity, his liberty and property rights in a school education without due process, as well as denying him equal protection.

**WHEREFORE** the plaintiffs respectfully ask that the Court grant the relief specified in the Prayer for Relief.

**Count 5**
**§ 1983 Claims (Constitutional Violations)**
**(Plaintiffs v DHSS)**

**71.** The above paragraphs are fully incorporated herein by reference.

**72.** Section 1983 establishes a civil cause of action for the deprivation of constitutional rights. The defendants have denied the plaintiffs rights guaranteed by the U.S. Constitution as well as federal statute concerning religious discrimination. Crossroads has infringed upon both W.B.'s and Bakers' rights to substantive due process and equal protection under the Fourteenth Amendment of the U.S. Constitution by enforcing or arbitrarily enforcing the regulations of DHSS, as well as the Missouri compulsory school attendance statutes with its religious opt-out language and failing to adequately train or supervise employees regarding their obligations regarding religious objections to immunization.

**73.** The above described actions are representative of, or attributable to, official policies of DHSS and Crossroads School. The defendants, while acting under color of state law, deprived the plaintiffs of their respective constitutional rights or caused each to be subjected to the deprivation of those rights in violation of 42 U.S.C. § 1983.

**74.** As described above in this complaint, the defendants deprived each of the plaintiffs' rights to freedom of religion, association, speech, and due process secured by the First and Fourteenth Amendments of the U.S. Constitution, and seeks damages under 42 U.S.C. § 1983. The defendants refuse to recognize the plaintiffs' speech and then compel them to speak on a form which conveys a message that the Bakers do not agree with.

**75.** DHSS believes it has unbridled discretion to add to the statutory religious objection procedure. There is no reason to make an objection more difficult but for DHSS's hostility to exemptions and its policies of making access to this Form when DHSS freely disseminates online numerous other forms that can be used. Moreover, school nurses

under the supervision of DHSS question parents whether they really have a religious objection. This happened to Audrey regarding W.B. This policy or custom is improper religious entanglement and the very process of these types of inquiries violates the First Amendment.

76. Plaintiff W.B. has a protected property and liberty interest in his own body. Bakers have a relationship interest between themselves and their son. That property interest has been deprived by the defendants without due process.

77. The Governor has not taken any action to protect or safeguard each of the plaintiff's rights in the State of Missouri immunization legislation.

78. The Attorney General has not taken any action to protect or safeguard each of the plaintiff's rights.

79. A reasonable person in any of the defendants' positions would have known that the plaintiffs' respective rights as set forth in this Complaint have been and continue to be violated.

80. As a direct result of those violations, the plaintiffs have suffered damages for which they are entitled to monetary recovery by way of an award of attorney fees and costs from these defendants.

**Count 6**
**(Plaintiffs v Crossroads)**
**1983 Violations**
**\*\*\***

81. Plaintiffs re-allege each allegation above as fully set forth.

**82.** Crossroads is aware of the specific statutory language regarding the making of a sufficient religious exemption as set forth in Missouri statute 167.181. Crossroads understands that the statute, not DHSS regulations and policies, sets the criteria and standard for the substance of the objection and its manner made regarding a parent exercising a religious exemption to vaccinations. The plaintiffs make the same legal claims as made against DHSS as to Crossroads. Crossroads understands that DHSS cannot add to or modify the statutory language contained in Missouri statute 167.181.

**83.** Crossroads is substantially assisting DHSS in violating the plaintiff's respective Constitutional rights through the actions of Karis Parker and by Crossroads' official policies or unofficial customs. The Bakers have made a religious objection and are not required to convey DHSS's message which they disagree with.

**84.** Crossroads failed to adequately train Parker as to religious objections regarding vaccinations. Crossroads was deliberately indifferent to the plaintiffs' respective rights in adopting it policies or customs and the failure to train reflects that deliberate or conscious choice by Crossroads leadership. This failure to train and deficiency in the training procedures caused the plaintiffs' respective injuries. Crossroads and Parker were specifically warned by letter and email regarding these issues which both either ignored or did not take heed of. Crossroads and Parker cannot say they are ignorant of the statutory language or the fact DHSS cannot modify or add to the statutory requirements for making a religious objection.

**85.** The Bakers have been compelled to choose between the exercise of First Amendment rights and participation in an otherwise available public program. Crossroads, Parker,

and DHSS have conditioned the receipt of an important benefit (education) by placing additional and unnecessary burdens upon the plaintiffs and have attempted to use substantial pressure of a public education and the incomplete and misleading educational material in the Form to place substantial pressure on the Bakers to modify their behavior and to violate their respective religious beliefs. The defendants require that the Bakers' religious objection contain a DHSS message which the Bakers disagree with.

86.    "The Constitution commits government itself to religious tolerance, and upon even slight suspicion that proposals for state intervention stem from animosity to religion or distrust of its practices, all officials must pause to remember their own high duty to the Constitution and to the rights it secures." ***Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n***, 138 S. Ct. 1719, 1731 (2018).

87.    DHSS has zealously gone beyond the confines of 167.181 based upon its hostility to religion and religious viewpoints to unvaccinated children. A person need not state a religious belief on a form to have it recognized by the government yet this is the high-handed policy of DHSS. DHSS cannot impose regulations that are hostile to the religious beliefs of parents including the Bakers and cannot act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs and practices which DHSS has done. Without the religious objection being made on the Form in the manner demanded by DHSS, DHSS has passed judgment on all other religious objections as being irrelevant. The Form, with its misleading and incomplete language, along with DHSS practices and policies, disparages the Bakers' religion as unorthodox and relegates it to mere rhetoric.

**88.** DHSS is openly and adversary of religious objections to vaccinations and its object of DHSS regulations and policies regarding its Form, and putting parents through additional hoops is motivate religious objectors to give up their religious beliefs and to infringe upon and restrict parents' religious practices because of their religious motivation. DHSS policies and regulations regarding its Form is not neutral.

**89.** There is an ongoing violation of federal law for which these plaintiffs seek prospective injunctive relief as well as declaratory relief.

**90.** The Bakers have more than complied with the religious exemption requirement under Missouri statue 167.181. Crossroads will not permit W.B. to attend his kindergarten even though he is enrolled and has participated this year in the JumpStart program unvaccinated in violation of the plaintiffs' respective Constitutional and civil rights.

**91.** Crossroads has already permitted W.B. to participate in school activities unvaccinated and without the Form Crossroads demands be completed which demonstrates that the policies of Crossroads and DHSS are unlawful, unconstitutional, arbitrary, and inconsistently applied.

**92.** Crossroads has impermissibly burdened the exercise of the plaintiffs' religion and require them to forego that religious belief and W.B.'s bodily integrity and autonomy in exchange for W.B. obtaining the benefit of an education at Crossroads.

**93.** Plaintiffs seek monetary, injunctive, and declaratory relief against Crossroads as described in the prayer for relief.

**WHEREFORE** the Plaintiffs seek monetary, declaratory, and prospective injunctive relief against Crossroads as described in the prayer for relief.

### Count 7
### (Plaintiffs v Karis Parker in her individual capacity)
### 1983 Violations

\*\*\*

94. Plaintiffs re-allege each allegation above as fully set forth.

95. Karis Parker acted under color of state law and her wrongful conduct in repudiating W.B.'s right to attend school and deprived the plaintiffs of constitutionally protected federal rights. The plaintiffs make the same legal claims as made against DHSS and Crossroads as to Karis Parker (Parker). Parker was a willful participant in joint action with DHSS, Crossroads, and the school nurse at Crossroads.

96. Parker communicated to Audrey Baker that Parker would not allow W.B. to return to school on September 3, 2019. Parker was aware of the Bakers' two prior written objections provided to the principal's office. Parker is substantially assisting Crossroads, DHSS, and Crossroads school nurse in violating the plaintiff's respective Constitutional rights.

97. There is an ongoing violation of federal law for which these plaintiffs seek monetary, prospective injunctive relief, as well as declaratory relief as against Parker.

98. The Bakers have more than complied with the religious exemption requirement under Missouri statue 167.181. Crossroads will not permit W.B. to attend his kindergarten even though he is enrolled and has participated this year in the JumpStart

29

program unvaccinated in violation of the plaintiffs' respective Constitutional and civil rights.

**99.** Parker has already permitted W.B. to participate in school activities unvaccinated and without the Form Crossroads demands be completed which demonstrates that the policies of Crossroads and DHSS are arbitrary and inconsistent.

**100.** Parker has impermissibly burdened the exercise of the plaintiffs' speech and religion and require them to forego that speech and religious belief and W.B.'s bodily integrity and autonomy in exchange for W.B. obtaining the benefit of an education at Crossroads.

**101.** Plaintiffs seek monetary, declaratory and injunctive relief as further described in the prayer for relief.

**WHEREFORE** the Plaintiffs seek monetary, declaratory, and prospective injunctive relief against Parker as described in the prayer for relief.

**Count 8**
**(Plaintiffs v Eva Copeland in her individual capacity)**
**1983 Violations**

**\*\*\***

**102.** Plaintiffs re-allege each allegation above as fully set forth.

**103.** Eva Copeland acted under color of state law and her wrongful conduct in repudiating W.B.'s right to attend school and deprived the plaintiffs of constitutionally protected federal rights. The plaintiffs make the same legal claims as made against DHSS Crossroads, Karis Parker as to Eva Copeland (Copeland). Copeland was a willful participant in joint action with DHSS, Crossroads, and Parker.

**104.** Copeland communicated to Audrey Baker that W.B. would not be allowed to return to school on September 3, 2019. Copeland was aware of the Bakers' two prior written

objections provided to the principal's office. Copeland is substantially assisting Crossroads, DHSS, and Parker in violating the plaintiff's respective Constitutional rights.

**105.** There is an ongoing violation of federal law for which these plaintiffs seek monetary, prospective injunctive relief, as well as declaratory relief as against Copeland.

**106.** The Bakers have more than complied with the religious exemption requirement under Missouri statue 167.181. Crossroads will not permit W.B. to attend his kindergarten even though he is admitted and has attended school at Crossroads this school year unvaccinated in violation of the plaintiffs' respective Constitutional and civil rights.

**107.** Crossroads has already permitted W.B. to participate in school activities unvaccinated and without the Form Crossroads demands be completed which demonstrates that the policies of Crossroads and DHSS are arbitrary and inconsistent.

**108.** Copeland has impermissibly burdened the exercise of the plaintiffs' religion and speech and require them to forego that religious belief and speech and W.B.'s bodily integrity and autonomy in exchange for W.B. obtaining the benefit of an education at Crossroads.

**109.** Plaintiffs seek monetary, declaratory and injunctive relief as further described in the prayer for relief.

**WHEREFORE** the Plaintiffs seek monetary, declaratory, and prospective injunctive relief against Parker as described in the prayer for relief.

31

**CAUSES OF ACTION**
**(Plaintiffs v Attorney General)**
**Count 9**

**110.**  Plaintiffs re-allege each allegation above as fully set forth.

**111.**  There is an ongoing violation of state and federal law for which these plaintiffs seek monetary, declaratory, and prospective relief.

**112.**  The Attorney General has not taken any action to challenge or otherwise stop the propagation of DHSS policies or regulations related to Missouri statute 167.181 or to similarly challenge or stop its enforcement in Missouri.

**113.**  Students are entitled to bodily integrity and autonomy.  Missouri has no compelling state interest in mandating vaccinations and has no compelling state interest in vaccinating W.B. repeatedly.  The statute 167.181 violates the United States Constitution and the Missouri Constitution facially, and as-applied to W.B.

**114.**  The policies of DHSS and its conduct impermissibly conflicts and modifies Missouri statute 167.181.3.  The policies and conduct of DHSS are hostile towards religion.

**WHEREFORE** the Plaintiffs seek prospective declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request the following relief:

1. A preliminary injunction and permanent injunction to:

   a.  Injunction permitting W.B. to attend his kindergarten at Crossroads unvaccinated.

b. Declaration that 167.181 does not require that a written statement of religious objection to the school administrator be made on DHSS Form P.11A.

c. Enjoin any defendant from denying W.B. access to private or public school enrollment and benefits as an unvaccinated student on the basis that W.B.'s parent has not made a written religious objection to the school administrator;

d. Enjoin Crossroads from refusing to admit or otherwise expelling W.B. from school based upon lack of compliance with any DHSS regulation regarding immunizations.

2. A declaration that:

a. Pursuant to 28 U.S.C. §2201, enter a declaratory judgment stating that 167.181 is unenforceable in its entirety because there is no compelling state interest to vaccinate.

b. Pursuant to 28 U.S.C. §2201, enter a declaratory judgment stating that 167.181 is unenforceable in its entirety as applied to W.B. because there is no compelling state interest to vaccinate W.B.

c. The actions of DHSS and Crossroads violate the United States Constitution Free Exercise Clause, Equal Protection Clause, and Due Process Clause facially, and as-applied to W.B.;

d. That the there is no compelling interest in the enforcement of 167.181 under the test set forth in the U.S. Constitution in burdening the free exercise rights of Bakers and W.B. or in disfavoring one religion over the other;

e. That Form P.11A, along with the policies of DHSS and its conduct, including the conduct of Crossroads, substantially burden the Bakers' rights to exercise religion

or to have the kind of familial relationship desired in making medical decisions over W.B. without the denial of public benefits.

f.  That the vaccination requirements in 167.181 does not further a compelling state interest.

g.  That there are other less restrictive means besides denying unvaccinated children access to a school program, child care facility, or a private or public education to accomplish any compelling governmental interest.

3. In addition the plaintiff seeks an award of compensatory and punitive damages in an amount to be determined at trial, an award of reasonable attorney's fees pursuant to 20 U.S.C. § 1400, et seq., and 42 U.S.C. § 1988, an award of costs, prejudgment and post judgment interest at the highest allowable rate, and such further relief as the Court deems fair and equitable.

## **PLACE OF TRIAL**

Plaintiff designates Kansas City, Missouri as the place of trial.

### Verification

I am a plaintiff in the present case, individually and on behalf of my child W.B., who is a minor, verify under oath and penalty of perjury (28 U.S.C. Sec. 1746) as follows: I have read the above complaint and its contents in its entirety. As to those matters which I have personal knowledge, including particularly, those relating to me and my child, the facts stated in the complaint are correct and as to the other matters to the best of my knowledge and recollection those matters are correct.

Executed this day of 29 August, 2019

_____
Zach Baker, Plaintiff

_____
Audrey Baker, Plaintiff

34

By  /s/ Linus L. Baker
Linus L. Baker  MO Bar 44980
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone:   913.486.3913
Fax:         913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the Plaintiffs