IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **W.B.,** a minor, by and through his parents and next friend, **Zach Baker** and **Audrey Baker** et al.<br><br>Plaintiffs,<br><br>v.<br><br>**Crossroads Academy-Central Street** et al.<br><br>Defendants | Civil No. 4:19-cv-00682-HFS |

**ORDER**

As indicated in my November ruling (Doc. 54), this case involves parents and children seeking to retain school attendance while declining required vaccinations, as permitted by Missouri's statutory permission for religious exemptions, W.B. by and through Baker v. Crossroads Academy-Central Street, 2019 WL 6257963 (W.D.Mo.). The State Defendants, the Attorney General and the Director of the Missouri Department of Health & Senior Services (DHSS), have filed a motion to dismiss, now fully briefed. (Doc. 57). The motion will be granted, largely based on the rationale described as the likely result in the November ruling denying plaintiffs a preliminary injunction.[1] In my view the reasons are generally simple and fairly obvious, despite voluminous briefing, particularly by

---

[1] It was there concluded at *3, "it is quite unlikely that the plaintiffs will ultimately prevail…"

plaintiffs. There is little need for much elaboration beyond what was said in the November ruling.

The State Defendants challenge their status in the litigation and also seek a ruling that plaintiffs are not injured. The Attorney General apparently has no role in enforcing the vaccination system and will be dismissed for that reason. DHSS does have statutory responsibility for monitoring and enforcing the system (Section 167.181(1), R.S.Mo.), and the Director will not be dismissed on procedural grounds. There is a continuing controversy regarding entitlement of children to school attendance without using an exemption form required by DHSS through its regulations. I accept plaintiffs' theory that they are sufficiently "injured" by the current system to challenge it on Constitutional grounds, as they seek to do. But I conclude, adopting as final the tentative reasoning in the November ruling, that there are no sound Constitutional grounds for plaintiffs' objections. I will not retain supplemental jurisdiction to consider nine State law questions currently presented by plaintiffs[2] and will therefore grant the State Defendants' motion to dismiss without prejudice to any State law claims the plaintiffs may have.

---

[2] Listed in Doc. 3, p. 2-3, Baker v. Crossroads Academy-Central Street, Case No. 20-CV-0003-HFS, a recently removed case.

The November ruling will be supplemented by the following commentary.

Although the amended complaint alleges special problems relating to certain schools and school districts, these individual issues are unrelated to the statute, regulations and forms promulgated by DHSS and therefore are not dealt with in this ruling, or briefed by plaintiffs in opposing dismissal of the claims against the State Defendants. (Doc. 60). The statute itself, which honors a religious objection to vaccinations, is targeted in plaintiffs' briefing only if, contrary to their claim, the exemption form prepared by DHSS is deemed authorized by the statute. (Doc. 60, p. 27). If deemed authorized, plaintiffs claim the statute delegates such extensive authority to DHSS that it usurps the legislative power of the State. Cases on this point cited by plaintiffs deal with generalities not impacted by the system here adopted; the delegation of authority to an administrative agency here is quite routine, considering the text at the top of Form 11 and how it is used.

Form 11, and its use, is central to plaintiffs' complaint, and especially the text at the top of the form that encourages parents to vaccinate their children and warns of the adverse public health risks of a failure to vaccinate. Because a reader's review of the November ruling is desirable and perhaps necessary, the text of the DHSS message on the form (at *2) will not be repeated. Plaintiffs

continue to claim a Constitutional defect in governmental advocacy of vaccination, placement of the advocacy on the form that claims a religious exemption, the targeting of objectors by limiting distribution to persons intending to seek a religious objection, and a theory that signing and submitting the form constitutes compelled speech (insofar as the document has text unnecessary to an exemption claim). This was all dealt with, rather summarily, in the November ruling, but is reargued as some 20 points in the brief opposing dismissal. (Doc. 60).

I again conclude that if the State wishes to require vaccination of school children, there is an unbroken collection of cases confirming that it can do so. It can also advocate vaccination, as noted by the Supreme Court in <u>Walker v. Texas Div. Sons of Confederate Veterans</u>, 135 S.Ct. 2239, 2245-6, 2255 (2015). Such advocacy (right or wrong) deals with public health issues. It is entirely secular in nature and motive, not "hostile to religion." For instance, it would not be hostile to a religious objection to eating pork for an agency to certify that pork is safe to eat. The certification, like the DHSS language here, is religiously neutral.

Plaintiffs fail to cite anything suggesting that the selection of students covered is unconstitutionally limited. There is also no case-law cited by plaintiffs tending to show that parents are subject to a compelled speech regime when the DHSS message appears at the top of the exemption form that they are required to

fill out. The text is in no way ambiguous as to the source of the vaccination recommendation.[3]

Giving plaintiffs credit for interesting citations and perhaps some sound lecturing on Constitutional law, there is a failure to tie the theories expressed to the alleged factual situation here. In my view, the Form 11 controversy does not present a colorable claim of Federal law violation.

As previously stated, any issues of Missouri law that plaintiffs wish to pursue can best be dealt with in State court, where, to the extent there is novelty, a prediction of what a Missouri court would do is inappropriate, when litigation in State court is feasible.

The State Defendants' motion to dismiss (Doc. 57) is hereby GRANTED, without prejudice to any State law claims that plaintiffs may have.

SO ORDERED.

/s/ Howard F. Sachs
Howard F. Sachs, District Judge
UNITED STATES DISTRICT COURT

Dated: January 10, 2020

---

[3] If parents wish to express disagreement with the recommendation there is nothing to show that schools or DHSS would reject the religious exemption form if a parent wrote "we disagree" in an empty space on the document, or scratched out the recommendation language, which has served its purpose when appearing on the document as a "reminder" to parents seeking an exemption. Contrary to plaintiffs' contention, the DHSS message is conveyed when there is parental action executing the form. The State is not trying to educate school personnel, the recipients of the ultimate form. By my suggestion here, I do not suggest that such a marked-up form should be accepted, but merely indicate that plaintiffs have not exhausted possible efforts to show disapproval of the DHSS message, without endangering school attendance by their children.

5

Case 4:19-cv-00682-HFS   Document 69   Filed 01/10/20   Page 5 of 5